IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

ROBERT W. THOMPSON, Individually
And As Personal Representative Of The
Estate Of NANCY AGNES THOMPSON
63 L Street
Beaver, Pennsylvania 15009

    Plaintiff

v.                                                                : Case No.
                                                                  .
RAJBINDERPAL SINGH GILL, M.D.         AW07CV0009
Shah Associates
Philip J Bean Medical Center
24035 Three Notch Road
Hollywood, Maryland 20636

    and

KIRAN D. MEHTA, M.D.
24035 Three Notch Road
Hollywood, Maryland 20635

    and

SHAH & ASSOCIATES, INC.
416 North Frederick Avenue
Gaithersburg, Maryland 20877
*Serve:* V. K. Shah, Registered Agent
2 Winesap Court
North Potomac, Maryland 20878

    and

SHAH & ASSOCIATES, LLC
24035 Three Notch Road
Hollywood, Maryland 20636
*Serve:* Christopher T. Longmore
Registered Agent
22738 Maple Road, Suite 101
Lexington Park, Maryland 20653

    and

SHAH ASSOCIATES, M.D., P.A.
26840 Point Lookout Road
Leonardtown, Maryland 20650
*Serve:* Dinod Shah, M.D.
Registered Agent
26840 Point Lookout Road
Leonardtown, Maryland 20650

and

SHAH ASSOCIATES, MD, LLC
26840 Point Lookout Road
Leonardtown, Maryland 20650
*Serve:* V. K. Shah, Registered Agent
2 Winesap Court
North Potomac, Maryland 20878

      Defendants

## COMPLAINT

COME NOW the Plaintiffs, Robert W. Thompson, Individually, and As Personal Representative of the Estate of Nancy Agnes Thompson, by and through their attorneys, LAW OFFICES OF W. SCOTT SONNTAG, P.A., and brings this cause of action against the Defendant Health Care Providers, Rajbinderpal Singh Gill, M.D., Kiran D. Mehta, M.D., Shah & Associates, Inc., Shah & Associates, LLC, Shah Associates, M.D., P.A. and Shah Associates, MD, LLC, and for cause of action state as follows:

1. The amount in controversy exceeds the jurisdictional limit of the District Court of Maryland ($25,000.00.).

2. Venue for this cause of action is proper in the United States District Court for the District of Maryland as there is diversity jurisdiction pursuant to 28 U.S. Code, §1332 and the matter in controversy exceeds the jurisdictional threshold.

3. The Plaintiff, Robert W. Thompson, is an adult citizen and resident of Beaver, Pennsylvania. He sues in his own capacity and as the Personal Representative of the Estate of his deceased wife, Nancy Agnes Thompson.

4. The Estate of Nancy Agnes Thompson has been probated in the State of Pennsylvania. At all times relevant to this cause of action the Decedent, while alive, was domiciled in the State of Pennsylvania.

5. The Defendant, Rajbinderpal Singh Gill, M.D., is a physician licensed to practice medicine in the State of Maryland. He at all times relevant to this cause of action held himself out to the public in general and to these Plaintiffs in particular as a specialist in the field of internal medicine.

6. The Defendant, Kiran D. Mehta, M.D., is a physician licensed to practice medicine in the State of Maryland. At all times relevant to this cause of action she held herself out to the public in general and to this Plaintiff in particular as a specialist in pulmonary diseases.

7. The Defendant, Shah & Associates, Inc., is a corporation licensed to do business in the State of Maryland and one which at all times relevant to this cause of action was the employer of Defendants, Rajbinderpal Singh Gill, M.D. and Kiran D. Mehta, M.D.

8. The Defendant, Shah & Associates, LLC, is a corporation licensed to do business in the State of Maryland and one which at all times relevant to this cause of action was the employer of Defendants, Rajbinderpal Singh Gill, M.D. and Kiran D. Mehta, M.D.

9. The Defendant, Shah Associates, M.D., P.A., is a corporation licensed to do business in the State of Maryland and one which at all times relevant to this cause of action was the employer of Defendants, Rajbinderpal Singh Gill, M.D. and Kiran D. Mehta, M.D.

3

10. The Defendant, Shah Associates, MD, LLC, is a corporation licensed to do business in the State of Maryland and one which at all times relevant to this cause of action was the employer of Defendants, Rajbinderpal Singh Gill, M.D. and Kiran D. Mehta, M.D.

11 On or about June 9, 2004 the Decedent, Nancy Agnes Thompson, presented to the emergency room at St. Mary's Hospital in Leonardtown, Maryland with a history of shortness of breath on exertion times one week in association with intermittent chest pain. The emergency department health care providers at St. Mary's Hospital arrived at a clinical impression of pulmonary embolus. As a consequence the Decedent was admitted to the hospital on the service of the Defendant, Rajbinderpal Singh Gill, M.D.

12. Dr. Gill's admission plan was to place the Decedent on the telemetry unit in order to obtain EKG monitoring. Cardiac enzymes were to be repeated to rule out coronary etiology for the chest pain. Dr. Gill indicated that he would obtain an echocardiogram and place the patient on the blood thinner, lovenox, and the blood thinner, coumadin, _and_ to monitor the patient's PT and INR _closely_.

13. By the patient's forth day of admission her white blood count, which had been high on admission, had increased significantly over the previous twenty-four hours. Moreover, her platelet count had declined nearly fifty percent from the day before. Finally, her coagulation studies (PT\INR) were so abnormal as to be appropriately described as "panic values."

14. Notwithstanding the abnormal white blood cell count, abnormal platelet count and grossly abnormal coagulation studies, the Decedent was never worked up for any hematological disorder including, but not limited to, DIC (disseminated intravascular coagulation).

15. Shockingly, even when the Decedent developed extensive bruising and cyanosis of her nose and feet early on the morning of June 14, 2004 there is no indication that the

Defendants recognized the life threatening hematological crisis that presented. Indeed, neither progress notes nor the orders of any of the Defendants reflected their awareness of the abnormal coagulation values or the sudden appearance of cyanosis and bruising.

16. Finally, and unfortunately much too late, the Decedent was transferred in extremis to the Washington Hospital Center on June 15, 2004. Heroic measures were undertaken as the Decedent was immediately admitted to the intensive care unit. Upon arrival at the Washington Hospital Center she was extremely hypotensive with blood pressures in the 90's\40's. She developed bradycardia with a heart rate in the 40's. All efforts failed and she was pronounced at 09:59 on January 15, 2004.

17. At all times relevant to the instant cause of action the Decedent, Nancy Agnes Thompson, was under the medical care and treatment of the Defendant Health Care Providers, Rajbinderpal Singh Gill, M.D. and Kiran D. Mehta, M.D., who were acting individually as well as within the scope of their employment with the corporate Defendants, Shah & Associates, Inc., Shah & Associates, LLC, Shah Associates, M.D., P.A. and Shah Associates, MD, LLC. Consequently the Defendants, and each of them, were under a duty to conform their conduct to that expected and required of reasonably competent and reasonably prudent health care provides under the same or similar circumstances. Unfortunately, they did not.

18. Each of the Defendants acting individually as well as by and through their respective agents (actual and\or apparent) servants and employees and acting as agents of each other failed to conform its conduct to that which is expected and required of reasonably competent and reasonably prudent health care providers under the circumstances then existing, in the following particulars, among others:

5

      a.      failure to recognize the significance of the Decedent's drastic and life threatening abnormal laboratory values on June 13, 2004 including a sudden and significant drop in the platelet count, an increase in the white blood cell count and the panic value results of the coagulation studies (PT\INR);

      b.      failure to include DIC in the differential diagnosis at least by June 13, 2004;

      c.      failure to order a DIC screen on June 13, 2004;

      d.      failure to institute treatment for DIC on June 13, 2004 and on June 14, 2004;

      e.      failure to arrange for timely transportation of the Decedent to a tertiary institution where she could receive proper treatment for her life threatening condition;

      f.      these Defendants were otherwise negligent.

## COUNT I
### Survival

19. Plaintiff, Robert W. Thompson, as Personal Representative of the Estate of Nancy Agnes Thompson, adopts and incorporates all facts and allegations set forth above as if fully repeated below and further avers as follows:

20. Robert W. Thompson is the Personal Representative of the Estate of his late wife, Nancy Agnes Thompson, and is entitled to and charged by law to represent the Estate and to sue on its behalf for any sums to which it may be due as either liquidated or unliquidated damages.

21 As a direct and proximate result of the aforesaid acts of negligence on the part of the Defendants, and each of them, the Decedent, Nancy Agnes Thompson, was caused to suffer extensive mental and physical pain and suffering as well as fear, anguish, turmoil and ultimately

was caused to suffer a frightening and painful death, loss of enjoyment of life as well as all other damages recoverable under the survival act in Maryland.

22. As a further direct and proximate result of the aforesaid acts of negligence, and as direct and proximate result of the Decedent's injuries and subsequent death, her Estate has incurred substantial medical bills, loss of earnings from the time of injury to the time of death, as well as funeral and burial expenses and all other related costs and expenses. The Estate, by and through the Personal Representative, makes claim for all injuries and damages, pecuniary and non pecuniary, recoverable under the survival act of Maryland.

WHEREFORE, the Plaintiff, Robert W. Thompson, as Personal Representative of the Estate of his deceased wife, Nancy Agnes Thompson, demands judgment from and against the Defendant Health Care Providers, Rajbinderpal Singh Gill, M.D., Kiran D. Mehta, M.D., Shah & Associates, Inc., Shah & Associates, LLC, Shah Associates, M.D., P.A. and Shah Associates, MD, LLC, jointly and severally, in an amount in excess of the jurisdictional limit of the District Court of Maryland and in excess of the jurisdictional threshold for Federal Court jurisdiction together with the costs of this action and any other and further relief deemed just and proper.

## COUNT II
### Wrongful Death

23 The Plaintiff, Robert W. Thompson, individually, adopts and incorporates all of the facts and allegations set forth above as if fully repeated below and further avers as follows:

24. That as a direct and proximate result of the above described negligent acts on the part of the Defendants, the now Deceased, Nancy Agnes Thompson, suffered an untimely death on June 15, 2004.

25. As a direct and proximate result of the wrongful death of the Decedent, Nancy Agnes Thompson, the Plaintiff, Robert W. Thompson, her lawfully wedded husband, has been

deprived of the Decedent's society, companionship, comfort, protection, care, advice, attention, counsel, support, financial support, economic loss, guidance and suffered and continues to suffer mental anguish and emotional pain and suffering as well as all other damages recoverable under the Wrongful Death Act of Maryland.

WHEREFORE, the Plaintiff, Robert W. Thompson, individually, demands judgment from and against the Defendant Health Care Providers, Rajbinderpal Singh Gill, M.D., Kiran D. Mehta, M.D., Shah & Associates, Inc., Shah & Associates, LLC, Shah Associates, M.D., P.A. and Shah Associates, MD, LLC, jointly and severally, in an amount in excess of the jurisdictional limit of the District Court of Maryland and above the jurisdictional threshold for Federal Court jurisdiction together with the costs of this action and any other relief deemed just and proper.

        Respectfully Submitted,

        **Law Offices Of W. Scott Sonntag, P.A.**

By: _____
        W. Scott Sonntag
        Belle Point Office Park
        7841 Belle Point Drive
        Greenbelt, Maryland 20770
        301-982-1254

## REQUEST FOR JURY TRIAL

COME NOW the Plaintiffs, Robert W. Thompson, Individually, and As Personal Representative of the Estate of Nancy Agnes Thompson, by and through their attorneys, LAW OFFICES OF W. SCOTT SONNTAG, P.A., and respectfully requests a jury trial on all above-referenced matters.

*W. Scott Sonntag*